UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CALIFIA HATUN TUPAK BEY, II, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-01362-JPH-TAB ) |
| STEPHANIE CALLAWAY, MIDWEST FORENSIC SERVICES, LLC., | ) ) ) ) |
| Defendants. | ) ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Califia Hatun Tupak Bey II alleges that Defendant Stephanie Callaway, through her employer, Midwest Forensic Services, violated her civil rights by providing an unfavorable mental competency assessment in a state-court criminal proceeding.

The plaintiff filed the complaint while incarcerated at the Washington County Detention Center. The Court denied the plaintiff's motion for leave to proceed *in forma pauperis* based on her failure to attach an inmate trust account statement as required by 28 U.S.C. § 1915(a)(2) and directed her to pay the filing fee or renew her motion with the proper documentation. Dkt. 9. However, the Court takes notice that the plaintiff has been relocated to the Logansport State Hospital. *See Anderson[1] v. Logansport State Hosp.*, No. 1:24-cv-01612-TWP-MG.

---

[1] The plaintiff's legal name is Dejaune Anderson. In this order, the Court refers to the plaintiff by the name used in the complaint in this action.

1

Because the plaintiff filed the action while incarcerated, the Court must screen the complaint pursuant to 28 U.S.C. § 1915A. Because it does not appear that any claims will proceed, and because it is no longer clear whether the plaintiff has an inmate trust account or the ability to access a statement of her previous trust account transactions, the Court proceeds to screen the complaint without concern for prepayment of the filing fee.

## I. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The plaintiff asserts claims for damages and injunctive relief against Stephanie Callaway and Midwest Forensic Services based on the following allegations, which the Court accepts as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

The plaintiff was charged in a criminal action in Washington County. Dkt. 1. That court appointed Ms. Callaway to perform a mental competency evaluation. *Id.* Ms. Callaway's evaluation was unfavorable and caused the plaintiff to suffer a loss of liberty. Ms. Callaway's report to the court:

- did not accurately convey certain statements the plaintiff made or the context of those statements.

- wrongly described the plaintiff as paranoid.

- wrongly characterized the plaintiff's expressions of her religious beliefs as delusions.

- discounted certain statements by the plaintiff as delusional without consulting the necessary government agencies, including the National Security Administration, Special Forces, the Space Force, and "Men in Black."

- wrongly considered evidence and information from the search warrant and charging documents and therefore became biased against the plaintiff.

*Id.* As relief, the plaintiff seeks $111 million in damages and dismissal of the state criminal case with prejudice.

## III. Discussion of Claims

The plaintiff asserts claims for damages and injunctive relief against two defendants. The plaintiff's damages claims fail as a matter of law, and the

3

defendants she has sued could not grant the injunctive relief she requests. Accordingly, the complaint must be dismissed pursuant to § 1915A.

Ms. Callaway is immune from any claim based on her competency evaluation, as court-appointed psychiatrists are "absolutely immune from liability for damages when they act at the court's direction." *Kim v. Parker*, 373 F.App'x. 606, 608 (7th Cir. 2010); *Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009); *see also Bombliss v. County of Lee*, 1994 WL 117970 at *2 (7th Cir. 1994) (unpublished opinion) ("Bombliss' two court-appointed psychiatrists are also accorded absolute immunity. . .Because the psychiatric evaluations were conducted at the request of the court, the doctors were functioning as an integral part of the judicial process, and thus are immune from § 1983 liability for their acts."). Immunity is also granted to witnesses in trial and grand jury proceedings, who are absolutely immune from any lawsuit for damages under 42 U.S.C. § 1983. Absolute immunity for trial witnesses is "well settled," *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983), and "a grand jury witness is entitled to the same immunity as a trial witness," *Rehberg v. Paulk*, 566 U.S. 356, 375 (2012). This is the same immunity afforded to judges and prosecutors for judicial acts and the initiation of prosecutions. *See Briscoe*, 460 U.S. at 334. Courts have found judges and prosecutors immune from suits related to competency determinations. *See Wolf v. Scobie,* 28 F. App'x 545, 548 (7th Cir. 2002) ("And even if Scobie had acted maliciously in moving for competency evaluations and in deferring prosecution (there is no evidence that he did), he still would be absolutely immune."); *Bombliss v. County of Lee,* 1994 WL

117970 at *2 ("Fish's motions to . . . have Bombliss' competency evaluated by a psychiatrist, and his alleged role of trying to prove Bombliss incompetent during the competency hearing are all activities intimately associated with the judicial phase of the criminal process such that absolute immunity is accorded for performing them."). Similarly, Ms. Callaway is entitled to absolute immunity from claims related to her completion of a judicially ordered competency evaluation. *Cf. Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) (Sheriff was entitled to immunity because it " is difficult to think of a task more intimately related to a judicial proceeding than that of enforcing a money judgment entered by a court.").

Any damages claim against Midwest Forensics fails because the complaint does not allege that it did anything but employ Ms. Callaway. Assuming Midwest Forensics acted under color of state law in employing Ms. Callaway to perform a judicially-ordered competency evaluation, the plaintiff could only assert a constitutional claim against Midwest Forensics by alleging that she suffered a constitutional deprivation as the result of a corporate policy, practice, or custom. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978); *Walker v. Wexford Health Sources*, 940 F.3d 954, 966 (7th Cir. 2019) ("Prevailing on [a *Monell*] claim requires evidence that a Wexford policy, practice, or custom caused" the constitutional violation alleged."). The complaint includes no such allegations.

Finally, the complaint provides no reason to believe that either Ms. Callaway or Midwest Forensics has authority to terminate a state criminal

proceeding, so neither is the proper defendant for such a claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (The proper defendant for an injunctive relief claim is the person who "would be responsible for ensuring that any injunctive relief is carried out."). With no viable claims for damage or injunctive relief, this action must be **dismissed** for **failure to state a claim** upon which relief may be granted.

### IV. Conclusion

For the reasons discussed in Part III, the complaint is **dismissed** for **failure to state a claim** upon which relief may be granted pursuant to § 1915A. The plaintiff will have **through January 6, 2025**, to file an amended complaint resolving the deficiencies noted above or show cause why the Court should not dismiss the action and enter final judgment. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Failure to do so in the time provided will result in the dismissal of this action without further warning or opportunity to show cause. The **clerk is directed** to update the plaintiff's address to reflect that she is currently housed at the Logansport State Hospital.

**SO ORDERED.**

Date: 12/16/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CALIFIA HATUN TUPAK BEY, II
22614
Logansport State Hospital
1098 South State Road 25
Logansport, IN 42947